UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAM DRAKE,<br><br>          Plaintiff,<br><br> v.<br><br>STEPHANIE CLENDENIN, *et al.*,<br><br>          Defendants. | Case No. 1:22-cv-01165-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY<br><br>(ECF NO. 29)<br><br>AND<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT IN PART PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br><br>(ECF No. 26)<br><br>ANT TO DENY DEFENDANTS' MOTION TO DISMISS<br><br>(ECF NO. 24)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

Plaintiff Sam Drake is a detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff alleges that despite a state court order committing him to the Department of State Hospital (DSH) for competency restoration treatment, Defendants transferred him from the custody of Department of State Hospitals (DSH) to the custody of California Department of Corrections and Rehabilitation (CDCR) without procedural due process.

Before the Court is Defendants' Motion to Dismiss (ECF No. 24), which Plaintiff opposed (ECF No. 26). In his opposition, Plaintiff also included a Request for Judicial Notice. Defendants filed a Reply. (ECF No. 27). Plaintiff filed a surreply (ECF No. 28), along with a request for Leave to File a Surreply. (ECF No. 29).

For the reasons stated below, the Court will order that Plaintiff's Motion for Leave to File Surreply (ECF No. 29) is DENIED. The Court will also recommend that Plaintiff's Request for Judicial Notice (ECF No. 26 at 5) be GRANTED IN PART and DENIED IN PART, and that Defendants' Motion to Dismiss (ECF No. 24) be DENIED.

## I.   BACKGROUND

### A.   Allegations in Plaintiff's Third Amended Complaint

Plaintiff initiated this case on September 13, 2022, and it is proceeding on Plaintiff's Third Amended Complaint (TAC), filed on June 14, 2023. (ECF No. 11).

Plaintiff's TAC names as defendants Stephanie Clendenin, the director of Department of State Hospitals (DSH), and S. Kishan, the Chief Psychiatrist at Department of State Hospitals. (ECF No. 11).

Plaintiff alleges[1] that he is a "civil detainee/mentally incapacitated pretrial detainee." (*Id.* at 1). The timeline of the relevant events unfolded as follows: Plaintiff arrived at the state hospital on March 23, 2021. (*Id.* at 5). Around December 30, 2021, Plaintiff was involved in a physical altercation. (*Id.* at 5). This altercation resulted in criminal charges being filed against Plaintiff on January 5, 2022 (*id.* at 4), and on January 21, 2022, Plaintiff was transferred to Fresno County Jail (FCJ) (*id.* at 5). Then, on July 14, 2022, Fresno County Superior Court committed Plaintiff to DSH custody as Incompetent to Stand Trial (IST), ordering that Plaintiff be provided with competency restoration treatment under Penal Code § 1370. (ECF No. 11 at 5, 15).

---

[1] Only the allegations relevant to the motion before the Court are summarized here. For a more complete summary of Plaintiff's allegations, see the Court's screening order issued on July 13, 2023, ECF No. 13.

However, on September 16, 2022, after Defendants deemed him ineligible for hospital placement, Plaintiff was transferred directly from FCJ to CDCR prison (SVSP) pursuant to California Welfare and Institutions Code § 7301. (*Id.*) Plaintiff was not admitted into any state hospital and did not receive any competency restoration treatment after July 14, 2022 through at least September of 2022. (ECF No. 11 at 15). Finally, CDCR transferred Plaintiff back to FCJ on October 19, 2022. (ECF No. 11 at 7). While in CDCR custody, Plaintiff was subjected to maximum security disciplinary restrictions, including being handcuffed at all times.

Plaintiff claims that he was denied notice and opportunity to be heard prior to transfer either from DHS to FCJ or from FCJ to prison, violating his due process rights; that he did not receive any competency restoration treatment despite the July 14, 2022 civil commitment order under Penal Code § 1370, violating his right to receive mental health treatment; and that Cal. Wel. & Inst. Code § 7301 violates his Fourteenth Amendment due process rights and the Bill of Attainder clause because he was punished without a trial.

### B. Screening Order

The Court screened Plaintiff's Third Amended Complaint on July 13, 2023 (ECF No. 13) and issued Findings and Recommendation that it proceed on the following claims: Plaintiff's claims against defendants Clendenin and Kishan that they subjected Plaintiff to punishment in violation of the Due Process Clause (claim 1 and claim 2); Plaintiff's claim against defendant Clendenin that she failed to provide Plaintiff with restorative mental health treatment in violation of the Fourteenth Amendment (claim 3); and Plaintiff's claim against defendants Clendenin and Kishan that California Welfare and Institutions Code Section 7301 is an unconstitutional bill of attainder (claim 4), and that all other claims be dismissed.

The District Judge, Ana de Alba, issued an order adopting the recommendation in full on October 25, 2023 (ECF No. 15).

\\\
\\\
\\\
\\\

## II. DEFENDANTS' MOTION TO DISMISS

### A. Defendants' Motion to Dismiss

On March 15, 2024, Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 24). Defendants argue that Plaintiff's Third Amended Complaint (ECF No. 11) fails to state a claim against Defendants for three reasons.

First, Defendants argue that Plaintiff's claims are barred under the favorable termination rule of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). (ECF No. 24 at 5–7). They contend that Plaintiff's requested relief, including monetary damages and declaratory judgment, implies the invalidity of his state prison confinement. Since this confinement has not been invalidated by a court or through habeas proceedings, Plaintiff's claims cannot proceed under § 1983.

Second, Defendants assert that the court should abstain from hearing the case under the *Younger* abstention doctrine, as Plaintiff has ongoing state criminal and civil commitment proceedings. (ECF No. 24 at 8–9) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). They explain that these state proceedings provide adequate opportunities for Plaintiff to raise his constitutional claims and that federal court intervention would interfere with important state interests, such as the administration of the Sexually Violent Predator Act (SVPA).

Third, Defendants argue that Plaintiff's claim regarding a lack of mental health treatment is unsupported. (ECF No. 24 at 9–10). They contend that under the SVPA, treatment obligations only arise after a civil commitment is finalized under Welfare and Institutions Code § 6604, not during the pretrial phase under § 6602. Defendants argue the state's duty at this stage is only to ensure secure custody, not to provide restorative treatment.

### B. Plaintiff's Opposition to Motion to Dismiss and Request for Judicial Notice

Plaintiff opposes Defendants' motion to dismiss. (ECF No. 26). He argues that Defendants' motion is moot, frivolous, false, impertinent, and mischaracterizes his argument. (*Id.* at 2–3).

Specifically, Plaintiff argues that his claims are not barred by *Heck's* favorable termination rule, because final judgment has not been issued in either criminal or civil proceedings, and because he does not challenge the validity of his confinement. (*Id.* at 2, 3–5,

4

9). Next, Plaintiff contends that the *Younger* abstention doctrine is inapplicable because the ongoing state proceedings do not adequately address the constitutional claims raised in his § 1983 action. (*Id.* at 6–7, 10–11). Further, he argues that the federal interests in safeguarding constitutional rights outweigh the state interests. (*Id.* at 11). Plaintiff also argues that the lack of treatment he alleges does not involve SVPA, but competency restoration treatment. (*Id.* at 3, 6–7). Finally, Plaintiff argues that whether he received competency restoration treatment is an issue of material fact that is not supported by the allegations in his TAC. (*Id.* at 8).

Plaintiff also asks the Court take judicial notice of the documents incorporated by reference in his complaint, attached as exhibits to his opposition. (ECF No. 26 at 5, 13–22).

### C. Defendant's Reply

In their Reply (ECF No. 27), Defendants assert that this Court lacks jurisdiction to find that Plaintiff should have been returned to a facility under the jurisdiction of DSH because that authority is vested in DSH and CDCR, and any challenge related to Plaintiff's placement must be raised in a petition for habeas corpus. (*Id.* at 2–3). Defendants also argue under *Younger*, that the Court should decline jurisdiction over this case because the state criminal court, wherein the criminal charges lie against Plaintiff for the altercation at the state hospital and which ordered him committed to the custody of DSH for competency restoration, retains jurisdiction over Plaintiff. (*Id.* at 3). Finally, Defendants argue that Plaintiff received the necessary competency restoration treatment while in state custody, as evidenced by his subsequent return to Fresno County Jail to stand trial. They state that Plaintiff's claim regarding the adequacy or location of his treatment does not present a factual dispute and reiterate that he was deemed competent to proceed in his criminal case. (*Id.* at 4).

### D. Plaintiff's Surreply

Along with a motion for leave to file it (ECF No. 29), Plaintiff filed a brief surreply (ECF No. 28). Plaintiff distinguishes cases cited by Defendants in their Reply, and reiterates that Defendants assertion that Plaintiff received IST treatment creates a factual dispute.

### III. MOTION FOR JUDICIAL NOTICE AND TO FILE SURREPLY

As a preliminary matter, the Court addresses Plaintiff's request to take judicial notice of the documents Plaintiff states were incorporated by reference in his complaint (ECF No. 26 at 5) and Plaintiff's motion to file surreply (ECF No. 29).

#### A. Plaintiff's Request for Judicial Notice

In his Opposition to Motion to Dismiss, Plaintiff asks (ECF No. 26 at 5) that the Court take judicial notice of three documents:

- Exhibit 1, the Order for Commitment and Delivery to State Department of State Hospitals pursuant to Penal Code 1370 entered by Superior Court of California, County of Fresno, in *People v. Drake* on July 14, 2022 (ECF No. 26 at 11–16);
- Exhibit 2, Non-Committee Endorsement, California Department of Corrections and Rehabilitation, dated September 16, 2022 (ECF No. 26 at 17–16);
- Exhibit 3, Minute Order continuing arraignment entered by Superior Court of California, County of Fresno, in *People v. Drake*, Case Number F22900456, on January 25, 2022 (ECF No. 26 at 20–22);

The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); *see U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue" (citation omitted)); *see also Bykov v. Rosen*, 703 F. App'x 484, 487 (9th Cir. 2017) (finding that the district court did not abuse its discretion by taking judicial notice of state court proceedings).

Plaintiff argues that Exhibits 1 and 2 were incorporated by reference into his Third Amended Complaint, ECF No. 11, ¶ 77 and ¶¶ 16, 42, respectively. (ECF No. 26 at 4–5). Plaintiff asks that the Court takes judicial notice of Exhibit 3 in support of his argument that criminal proceedings began on January 25, 2022. (ECF No. 26 at 5).

6

1     Defendants did not oppose this request and do not contest the accuracy of these
2 documents.

3     The Court concludes that taking judicial notice of the state court criminal documents—
4 Exhibits 1 and 3—is proper. *See Arellano v. Haskins*, No. 1:17-CV-01235-DAD-JLT, 2021
5 WL 1193814, at *6 (E.D. Cal. Mar. 30, 2021) (taking judicial notice of a state court docket and
6 certified copy of the transcript from the plaintiff's state court change of plea hearing). Exhibits
7 1 and 3 show that Plaintiff was charged with an offense not subject to SVPA (Exhibit 1, ECF
8 No. 26 at 14, "Charged with the following violations on (date): 01/21/22: Count One, Penal
9 Code section 245(a)(1), a felony."; Exhibit 3, ECF No. 26 at 21, showing "charge" as
10 "245(a)(1)").[2] Exhibits 1 also shows that Plaintiff was committed to the DSH for restoration of
11 competency pursuant to Penal Code section 1370. (ECF No. 26 at 15–16) ("IT IS ORDERED
12 THAT: Criminal Proceedings remain suspended and the defendant is committed to the STATE
13 DEPARTMENT OF STATE HOSPITALS for restoration of competency (Penal Code section
14 1370).").

15     As for Exhibit 2, Non-Committee Endorsement, it is not clear it falls within the
16 category of records subject to judicial notice. The document footer references "CDCR SOMS"
17 and Plaintiff's name, which suggests it is a record from inmate's file in the Strategic Offender
18 Management System. However, this is not a court document, and it is not clear that it contains a
19 fact not subject to reasonable dispute. Without more information as to this document, the Court
20 declines to take judicial notice of Exhibit 2, Non-Committee Endorsement.

21     In addition, Exhibit 2 is not relevant to deciding Defendants' Motion to Dismiss.[3]

---

[2] Cal. Penal Code 245(a) (1) states:

> Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($10,000), or by both the fine and imprisonment.

[3] Nothing in this decision would preclude either side from introducing this record later in the case, such as in support of a Motion for Summary Judgment or at trial with proper authentication. The Court merely holds it is not appropriate to take judicial notice of this record for the purpose of deciding Motion to Dismiss.

1  Accordingly, the Court will recommend that Plaintiff's Request for Judicial Notice
2  (ECF No. 26 at 5) be GRANTED IN PART, and judicial notice be taken of Exhibits 1 and 3,
3  state court criminal records in *People v. Drake*, Case Number F22900456, a civil commitment
4  order dated July 14, 2022 (*id.* at 11–16) and minute order dated January 25, 2022 (*id.* at 20–22).
5  However, the Court recommends that Plaintiff's request for judicial notice be denied as to
6  Exhibit 2.

### B. Plaintiff's Motion for Leave to File Surreply

Plaintiff asks that the Court grant him leave to file a surreply (ECF No. 29) to address erroneous assertions as well as new legal arguments made in Defendants' Reply. In the Surreply, Plaintiff's distinguishes cases cited by Defendants in their Reply, construing arguments regarding exclusive authority of DSH and CDCR under § 7301 to determine whether Plaintiff should be returned to a state hospital as new legal arguments.

The Court's Local Rules provide for a motion, an opposition, and a reply. L.R. 230(m). Neither the Local Rules nor the Federal Rules provide the right to file a surreply. District courts have the discretion to either permit or preclude a sur-reply, especially "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." *Hill v. England*, 2005 WL 3031136, *1 (E.D. Cal. Nov. 8, 2005); *see also Cain v. Int'l Fruit Genetics, LLC*, No. 1:23-CV-01249-JLT-CDB, 2024 WL 4570605, at *2 (E.D. Cal. Oct. 24, 2024) (court's "discretion should be exercised in favor of allowing a sur-reply only where a valid reason for such additional briefing exists . . . [such as] where the movant raises new arguments in its reply brief.") (internal citations and quotation marks omitted).

After review, the Court will exercise its discretion to **DENY** Plaintiff's motion for leave to file surreply (ECF No. 29) because Plaintiff has not shown a valid reason for briefing beyond what is provided by the Court's rules.

### IV. LEGAL STANDARDS

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). "[T]he court must construe the complaint in the light most favorable to the plaintiff, taking all [of the plaintiff's]

8

allegations as true and drawing all reasonable inferences from the complaint in [the plaintiff's] favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. See Iqbal, 556 U.S. at 679. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer*, 416 U.S. at 236 (1974).

The scope of review on a Rule 12(b)(6) motion to dismiss is ordinarily limited to the contents of the complaint. Fed. R. Civ. P. 12(d); *Van Buskirk v. Cable News Network*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."). If a court considers evidence outside of the complaint when ruling on a Rule 12(b)(6) motion, "it must normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). However, exceptions exist for "documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice," which a court may properly consider "without converting the motion to dismiss into a motion for summary judgment." *Id.* at 907–08 (citations omitted).

V. ANALYSIS

   A. *Heck* Bar

Defendants argue that Plaintiff's claims are barred under the favorable termination rule established in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). (ECF No. 24 at 5–7). They contend that Plaintiff's requested relief implies the invalidity of his state prison confinement. Since this confinement has not been invalidated by a court or through habeas proceedings, Defendants argue that Plaintiff's claims cannot proceed under § 1983. They also cite *Wilkinson*

1  *v. Dotson*, 544 U.S. 74, 81–82 (2005), and *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973),
2  to argue that challenges to the validity of confinement must be brought as habeas corpus
3  actions, not § 1983 claims (pp. 5–7).
4       In opposition, Plaintiff argues that his claims are not barred by *Heck's* favorable
5  termination rule, because final judgment has not been issued in either criminal or civil
6  proceedings, and because he does not challenge the validity of his confinement. (ECF No. 26 at
7  2, 3–5, 9).
8       In *Heck*, the United States Supreme Court held that to recover damages for "harm
9  caused by actions whose unlawfulness would render a conviction or sentence invalid," a § 1983
10 plaintiff must prove that the conviction or sentence was reversed, expunged, or otherwise
11 invalidated. 512 U.S. at 486–87. This "favorable termination rule" preserves the rule that
12 federal challenges, which, if successful, would necessarily imply the invalidity of confinement
13 or its duration, must be brought by way of petition for writ of habeas corpus, after exhausting
14 appropriate avenues of relief. *Muhammad v. Close*, 540 U.S. 749, 750–751 (2004).
15 Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter
16 the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state
17 conduct leading to conviction or internal prison proceedings)—if success in that action would
18 necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544
19 U.S. 74, 81–82(2005).
20      The Court agrees with Plaintiff that the *Heck* bar does not apply here. Plaintiff's TAC
21 challenges the conditions of his pretrial confinement—not the validity of a conviction or
22 sentence. Plaintiff alleges that a state court ordered him to be detained at the DSH and receive
23 competency treatment before his trial on pending criminal charges. That state court order was
24 not part of a conviction or sentence, and nothing in his complaint challenges the validity of a
25 conviction or sentence that would be barred by the *Heck* rule. *See Rhoden v. Mayberg*, 361 F.
26 App'x 895, 896 (9th Cir. 2010) (noting *Heck* inapplicable to plaintiff detained pending
27 proceedings to determine whether he should be civilly committed under SVPA because he had
28 not yet been civilly committed); *Awad v. Birbenk*, No. 22-CV-00665-DMR (PR), 2023 WL

137473, at *6 (N.D. Cal. Jan. 9, 2023) ("*Heck* does not apply if there is no extant conviction—such as in this case, where plaintiff has only been charged and was deemed to be incompetent to stand trial.").

Moreover, Plaintiff is not even challenging the validity of the state court order requiring that he be sent to the DSH for competency restoration treatment. On the contrary, he is claiming that the state court's order was not followed, and that he was transferred to punitive custody in violation of that court order and without procedural due process. Defendants cite no cases applying the *Heck* bar to such a situation.

In addition, Plaintiff does not challenge the duration of his custody when he was subject to pretrial detention for competency restoration treatment. Rather, he challenges the conditions of that confinement, and transfer to more punitive conditions without procedural due process. The *Heck* does not bar challenges to the conditions of confinement, nor challenges to change in custody conditions in violation of due process. For example, in *Buren v. Waddle*, No. 1:14-CV-01894-MJS, 2014 WL 7337580, at *8 (E.D. Cal. Dec. 23, 2014), the Court held that the *Heck* bar did not bar Plaintiff's claim that he was put in punitive segregation without due process because "[p]unitive segregation is considered to be a condition of confinement, because more restrictive placement does not affect the total length of the inmate's incarceration," and thus "the validity of Plaintiff's § 1983 claim depends on whether the only result of his disciplinary hearing was the eighteen-month term in [Special Housing Unit]. If it was, then the hearing merely affected Plaintiff's conditions of confinement, and his due process claim, if he chooses to amend it, could still be brought under § 1983." *Id.*; *see also Ramirez v. Galaza*, 334 F.3d 850, 858 (9th Cir. 2003) (holding that *Heck* does not apply to § 1983 suits challenging placement into administrative segregation following a disciplinary hearing where that sanction "does not affect the overall length of the prisoner's confinement").

Moreover, according to parties' pleadings and arguments, Plaintiff had not received either a civil commitment order nor a conviction in a criminal proceeding when Defendants transferred him from DSH to CDCR custody. Defendants appear to concede that Plaintiff is not challenging a conviction by arguing that "Plaintiff directly challenges the legality of his

confinement in a state prison in connection with his *currently pending* criminal matter." (ECF No. 24 at 7). Plaintiff similarly states: "[N]o such judgment has been entered in Case No. F22900456." (ECF No. 26 at 2). Thus, during the events at issue, Plaintiff was a pretrial detainee and his claims in this case do not challenge or necessarily imply the invalidity of a conviction. (ECF No. 11 at 1, alleging that Plaintiff is a "civil detainee/mentally incapacitated pretrial detainee."; ECF No. 24 at 9–10, arguing that Plaintiff's status is "a probable cause SVP patient" and "[t]he SVPA does not require DSH to provide treatment to pre-trial detainees.").

Accordingly, the Court will recommend that Defendants' Motion to Dismiss based on the *Heck* bar be denied.

### B. *Younger* Abstention

Defendants also argue that the Court should abstain from hearing the case under the *Younger* abstention doctrine, because Plaintiff has ongoing state criminal and civil commitment proceedings. (ECF No. 24 at 7–8).

"*Younger* abstention is a jurisprudential doctrine rooted in overlapping principles of equity, comity, and federalism." *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1091 (9th Cir. 2008). "In *Younger*, the Supreme Court held that federal courts should abstain from staying or enjoining pending state criminal prosecutions absent extraordinary circumstances." *Bean v. Matteucci*, 986 F.3d 1128, 1133 (9th Cir. 2021) (citing *Younger*, 401 U.S. at 45). Extraordinary circumstances include "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or situations "where irreparable injury can be shown." *Brown v. Ahern*, 676 F.3d 899, 903 (9th Cir. 2012) (internal quotation marks omitted) (quoting *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980)).

> *Younger* abstention is appropriate when: (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding.

1 *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (alterations, citation, and internal
2 quotation marks omitted).

3       Defendants argue that *Younger* abstention is appropriate here because there are ongoing
4 state proceedings, which implicate important state interests, and provide adequate opportunities
5 for Plaintiff to raise his constitutional claims. (ECF No. 24 at 8). First, Defendants assert that
6 Plaintiff is "subject to continuing state court proceedings regarding the appropriateness of his
7 custody as a sexually violent predator in which he is provided constitutional protections." (*Id.*)
8 Defendants also argue that "Plaintiff's criminal matter continues and he can raise any issues he
9 may have regarding his confinement in that pending matter." (*Id.* at 9). Next, Defendants claim
10 that federal court intervention would interfere with important state interests, such as the
11 administration of the SVPA. (*Id.*) Finally, Defendants reiterate that Plaintiff is "afforded
12 constitutional due process protections in connection with his ongoing SVP commitment
13 hearings and trial, he can raise any claims he has in those proceedings. He may also raise any
14 issues relating to his confinement in ongoing criminal proceedings." (*Id.*)

15       In response, Plaintiff argues that the *Younger* abstention doctrine is inapplicable
16 because the ongoing state proceedings do not adequately address the constitutional claims
17 raised in his § 1983 action. (ECF No. 11 at 6–7, 10–11). He also argues that the basis for
18 defense in his criminal case and the basis for § 1983 claims are wholly unrelated and that
19 consideration of damages in § 1983 case would not in any way interfere with state court
20 proceedings. (*Id.*) Finally, Plaintiff argues that the federal interests in safeguarding
21 constitutional rights outweigh the state interests. (*Id.* at 11).

22       The Court finds that it would not be appropriate to abstain in this case. As an initial
23 matter, Defendants do not point to any specific ongoing state judicial proceeding that would
24 provide an opportunity for Plaintiff to raise these constitutional challenges. Plaintiff's
25 complaint does not allege that there is such a proceeding. Instead, Plaintiff's complaint alleges
26 that there was a state court order requiring him to be detained pretrial at DSH for competency
27 restoration. It does not allege that there are any further state court proceedings regarding that
28 order, or further oversight from the state court about his court-ordered competency treatment.

13

Although Defendant alleges that Plaintiff was eventually found competent and is awaiting a trial in the criminal case, it is not at all clear that such a proceeding would concern the issues raised in this case, rather than whether Plaintiff is guilty for the charged crime.

In their motion, Defendants contend that Plaintiff "alleges he was admitted to DSH-Coalinga as a probable SVP patient pursuant to Welfare and Institutions Code section 6602. ECF 11, 1:2–24 and 5:1–3." (ECF No. 24 at 4). However, Plaintiff did not make this allegation in his complaint, that Defendants provide no support for it. Moreover, even if this allegation is true, it is not enough for the Court to find that Plaintiff is subject to a state judicial proceeding where he can raise these constitutional challenges. Put another way, Defendants cite to no authority that constitutional challenges to a transfer from DSH to CDCR custody when subject to a competency restoration order can be raised as part of pending SVP proceedings.

In addition, the Court is required to take all of Plaintiff's allegations as true and draw all reasonable inferences from the complaint in his favor. Here, Plaintiff alleges he was transferred out of DSH *because* of the lack of procedural safeguards, such as notice and opportunity to be heard. (ECF No. 11 at 9–10). Therefore, the Court may not presume that he has an adequate opportunity to raise constitutional challenges in the state proceedings.

As to the fourth and final *Arevalo* factor, Plaintiff's requested relief does not seek to enjoin any ongoing state judicial proceeding. Plaintiff's requested relief—damages, declaratory judgment—would not enjoin or have the practical effect of enjoining the ongoing state judicial proceeding.

Because Defendants failed to establish that *Younger* abstention is appropriate in this case, the Court will recommend that their motion to dismiss on this ground be denied.

**C. Lack of treatment**

Lastly, Defendants argue Plaintiff's claim regarding lack of mental health treatment fails because 1) Plaintiff received competency restoration services, was deemed to have regained competency, and was transferred back to county jail to await trial, and 2) under the SVPA, treatment obligations only arise after a civil commitment is finalized under Welfare and Institutions Code § 6604, not during the pretrial phase under § 6602. (ECF No. 24 at 9–10). As

to the latter, Defendants cite *Hubbart v. Superior Court*, 19 Cal. 4th 1138, 1147 (1999), to argue that the state's duty at this stage is only to ensure secure custody, not to provide restorative treatment. (*Id.* at 10).

Plaintiff responds that 1) whether he received competency restoration services and when is a question of fact, not a legal defect in his pleading, and therefore, should not be decided on motion to dismiss and 2) the lack of treatment he alleges does not involve SVPA, but competency restoration treatment. (ECF No. 26 at 3, 6–7, 8).

The Court agrees with Plaintiff. There is nothing in Plaintiff's complaint that establishes that he received competency restoration treatment while in CDCR custody. Instead, Plaintiff alleges that, contrary to the state court's commitment of Plaintiff to DSH custody to be provided with competency restoration treatment under Penal Code § 1370, (ECF No. 11 at 5, 15; *see also* ECF No. 26 at 13–16, Exhibit 1, Civil Commitment Order), he was not admitted into any state hospital and did not receive any competency restoration treatment after July 14, 2022 through at least September of 2022. (ECF No. 11 at 15). These allegations are not contradicted by any exhibits to the complaint or judicially noticed records. Defendants' argument to the contrary may create a question of fact, but is not a basis to dismiss the complaint.

Further, Defendants' argument that "DSH has no legal obligation to provide Plaintiff with any treatment" (ECF No. 24 at 10) because of SVPA is besides the point. Plaintiff alleges that he was entitled to competency treatment because of a state court order to provide him with competency restoration treatment so he could stand trial for state criminal charges. (ECF No. 26 at 13–16, Exhibit 1, Civil Commitment Order). Plaintiff's claims are not based on any entitlement to treatment under the SVPA.

Therefore, the Court will recommend that Defendants' Motion to Dismiss based on Defendants' assertion that Plaintiff received competency treatment, or that it was not required by the SVPA, should also be denied.

//
//

## VI. CONCLUSION AND ORDER

Based on the foregoing, IT IS ORDERED:

1. Plaintiff's Motion for Leave to File Surreply (ECF No. 29) is DENIED.

In addition, IT IS RECOMMENDED:

1. Plaintiff's Request for Judicial Notice (ECF No. 26 at 5) be GRANTED IN PART and judicial notice be taken of Exhibits 1 and 3, state court criminal records in *People v. Drake*, Case Number F22900456, a civil commitment order dated July 14, 2022 (*id.* at 11–16) and minute order dated January 25, 2022 (*id.* at 20–22). However, judicial notice be denied as to Exhibit 2.
2. Defendants' Motion to Dismiss (ECF No. 24) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any objections shall be limited to no more than 15 pages including exhibits.

Any response to the objections shall be served and filed within thirty days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __December 27, 2024__        /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

16